**Harry CARLISLE, Appellant,**

v.

**William P. ROGERS, Attorney General of the United States, Appellee.**

No. 13711.

United States Court of Appeals District of Columbia Circuit.

Argued April 16, 1957.

Decided May 15, 1958.

As Amended Nov. 24, 1958.

Mr. David Rein, Washington, D. C., with whom Mr. Joseph Forer, Washington, D. C., was on the brief, for appellant.

Mr. Harold D. Rhynedance, Jr., Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellee. Mr. John W. Kern, III, Asst. U. S. Atty., also entered an appearance for appellee.

Before BAZELON, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

Appellant was ordered deported because he was found by the Immigration and Naturalization Service to have been a member of the Communist Party. See Internal Security Act of 1950, § 22, 64 Stat. 1006; Immigration and Nationality Act of 1952, § 241(a) (6) (C), 66 Stat. 205, 8 U.S.C.A. § 1251(a) (6) (C). The District Court affirmed the order in an opinion which fully details the facts. See Carlisle v. Brownell, D.C.D.C.1957, 149 F.Supp. 855.

The Special Inquiry Officer refused to order the production of a pre-hearing statement made in writing to the Service by the witness Huggins. Huggins had testified to appellant's Party membership. Certainly the statement here was important, bearing precisely upon the issue raised by the Government. Both the Special Inquiry Officer and the Board of Immigration Appeals credited Huggins' testimony. Therefore it was critical, both to the Inquiry Officer and to the Board, as well as to the appellant. Moreover, the Government made no claim of privilege, nor did it challenge the relevancy or materiality of the pre-hearing statement, prepared by a Government witness whose credibility was subject to attack upon the precise point at issue. Thus under the circumstances of this case, the factors here were present as in Communist Party v. Subversive Activities Control Board, 1958, 102 U.S. App.D.C. 395, at page 409, 254 F.2d 314, at page 328, where we held that the requested statement should have been produced for possible use for impeachment purposes. Accordingly, the refusal to produce the statement, or such part of

it as related to the appellant, was prejudicial error.

The judgment will be vacated and the case remanded to the District Court with directions to set aside the order of deportation, without prejudice to such further proceedings by the Service as may be consistent with law.

So ordered.